[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10457

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

D'LIVRO LEMAT BEAUCHAMP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cr-00137-RAH-JTA-1

_____

Before JILL PRYOR, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

This is a sentence-appeal waiver case. After pleading guilty, D'livro Beauchamp appeals his 78-month sentence for conspiracy to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Beauchamp argues that the district court violated his due process rights at sentencing by failing to orally pronounce certain discretionary conditions of supervised release that were included in the written judgment. Beauchamp asks us to remand for the district court to amend the judgment to conform to the oral pronouncement.

In response, the government filed a motion to dismiss Beauchamp's appeal pursuant to the sentence-appeal waiver in his plea agreement. This motion was carried with the case.

After review of the government's motion and parties' briefs, we agree that Beauchamp's sentence-appeal waiver bars his challenge to his sentence and dismiss his appeal.[1]

In his written plea agreement, Beauchamp agreed to "expressly waive[] any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence" except "on the grounds of ineffective assistance of counsel or prosecutorial misconduct."

---

[1] We review *de novo* the scope and validity of a sentence-appeal waiver. *United States v. Read*, 118 F.4th 1317, 1320 (11th Cir. 2024).

Supervised release is one component of a defendant's sentence. *United States v. Hamilton*, 66 F.4th 1267, 1275 (11th Cir. 2023). Thus, absent an applicable exception, an enforceable sentence-appeal waiver bars a challenge to the conditions of supervised release. *United States v. Cordero*, 7 F.4th 1058, 1067 n.10 (11th Cir. 2021). This Court recently held in *United States v. Read* that a claim similar to the one Beauchamp raises—that the district court violated due process by not orally pronouncing discretionary supervised release conditions contained in the written judgment—was barred by a sentence-appeal waiver. *See* 118 F.4th 1317, 1319, 1321-23 (11th Cir. 2021).

Here, neither of the circumstances under which Beauchamp reserved his right to appeal his sentence exists. That is, on appeal Beauchamp does not assert a claim of ineffective assistance of counsel or of prosecutorial misconduct. Accordingly, if Beauchamp's sentence-appeal waiver is enforceable, it precludes review of his due process challenge to the district court's imposition of the conditions of supervised release.

A sentence-appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). To establish that a waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes manifestly clear that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351. On appeal, Beauchamp does

4                    Opinion of the Court                    24-10457

not argue that his sentence-appeal waiver was not knowing or voluntary.

In any event, the record shows that Beauchamp knowingly and voluntarily waived his right to appeal his sentence. At his change-of-plea hearing, Beauchamp confirmed that he had read and reviewed the plea agreement with his attorney before signing it. And the government reviewed the terms of the appeal waiver in the plea agreement, including the two exceptions. The magistrate judge also specifically questioned Beauchamp about his plea agreement's appeal waiver provision and confirmed that Beauchamp understood that he was waiving his right to appeal his sentence.

Because the record is manifestly clear that Beauchamp understood the significance of his sentence-appeal waiver, the waiver is valid and enforceable. *See id.* at 1352. Further, because neither exception to the appeal waiver applies, we **GRANT** the government's motion and **DISMISS** Beauchamp's appeal.[2]

---

[2] As in *Read*, there is "no mismatch between the written judgment and the oral pronouncement." *See* 118 F.4th at 1322. At sentencing, the district court imposed the "standard conditions of supervised release on file with the Court," meaning the 13 standard conditions the Middle District of Alabama adopted in General Order 17-3105-01. *See* General Order re Mandatory and Standard Conditions of Probation or Supervised Release (ed. 02/17), United States District Court for the Middle District of Alabama, https://perma.cc/VCW3-BYSP. These are the same 13 standard conditions

---

listed in the written judgment.  Thus, there is no need to remand to correct the written judgment.  *See Read*, 118 F.4th at 1322.